## LIVINGSTON v. SHINGLER.

1. An assignment by a married woman in 1884 of her interest in her deceased father's estate to secure the payment of a note of same date signed by her as surety only, is void; and the assignee cannot claim the assignor's interest in the proceeds of a bond and mortgage, her portion of her father's estate.
2. *Gwynn* v. *Gwynn*, 27 S. C., 525, approved and followed.

Before NORTON, J., Orangeburg, May, 1888.

This action was commenced June 2, 1887, and involved the validity of the following assignment executed by a married woman to secure her husband's debt:

Whereas I, the undersigned, M. C. Shingler, am indebted unto William O. Livingston in the sum of three hundred dollars, and have made my promissory note therefor in writing, jointly with my husband, bearing even date with these presents, and payable on the first day of January, A. D. 1885:

Now, in consideration of the said debt of three hundred dollars, and in order to secure the payment of the said note given therefor, and in consideration of the further sum of one dollar to me paid by the said William O. Livingston, the receipt whereof is hereby acknowledged, I, the said M. C. Shingler, do hereby assign, transfer, and set over unto the said William O. Livingston, his heirs, executors, administrators, and assigns, all of my right, title, interest, and estate of, in, and to the estate and estates, both real and personal, of my father, J. Q. Parler, deceased. These presents being given as collateral to secure the said debt of three hundred dollars and the said note given therefor, and to remain in full force and virtue until the said debt shall be paid, and the interest thereon, if any shall be due, and to be void and of none effect immediately upon the payment of the said debt, and the note given therefor and the interest thereon, if any shall be due.

Witness my hand and seal this twenty-eighth day of March, A. D. 1884.

M. C. SHINGLER. [L. S.]

Signed, sealed, and delivered in the presence
A. C. BAXTER,
J. B. LIVINGSTON.

Other matters are stated in the opinion.

*Messrs. Izlar & Glaze*, for appellants.

*Messrs. T. M. Raysor* and *T. B. Whaley*, contra.

February 16, 1889. The opinion of the court was delivered by MR. JUSTICE MCGOWAN. On March 28, 1884, Missouri C. Shingler and Melcher H. Shingler made and delivered their joint and several sealed note to the plaintiff, William O. Livingston, whereby they promised to pay him on January 1, 1885, three hundred dollars ($300), with interest from date. Missouri C. Shingler was then, and is now, the wife of the said Melcher H. Shingler. The note aforesaid was signed by the said Missouri C. as surety for her husband, the debt being his. To secure the payment of the note the said Missouri C., by an instrument in writing, bearing even date with the note, under her hand and seal, assigned and transferred to the plaintiff all her right, title, interest, and estate, real and personal, in the estate of her father, J. Q. Parler, deceased (which was then in process of settlement) ; and said instrument was delivered and regularly recorded in the register's office of Orangeburg County. (See copy in the Brief.)

At the time of said assignment the interest of said Missouri C. in the estate of her father consisted in her share of a certain bond and mortgage executed by one Samuel Lewis to her father, the aforenamed Parler, in his life-time, which was then in the hands of his administratrix, who had due notice of said assignment. It seems that afterwards this share of Mrs. Shingler fell into the hands of Andrew C. Dibble, Esq., master of Orangeburg County ; and this action was brought against Missouri C. Shingler, her husband, Melcher H. Shingler, and the said Dibble, to recover judgment on the note, and to enjoin the said Dibble from paying the money over to Mrs. Shingler, and to require him to pay the money to the plaintiff under the assignment aforesaid.

Among other things, it was admitted that the note was signed by Melcher H. Shingler and Missouri C. Shingler ; that Missouri C. was then, and is now, the wife of Melcher H. Shingler, and signed the note as his surety ; that Missouri C. also executed

the assignment, of which Dibble, the master, had notice.  His honor, Judge Norton, after argument, held that the note and the assignment were both void as to the wife, Missouri C. Shingler, and as to her dismissed the complaint; but gave judgment against the husband, Melcher H. Shingler, for the debt and costs. From this decree the plaintiff, Livingston, appeals to this court upon the following grounds :

"I. Because his honor erred in holding that the assignment made by the defendant, Missouri C. Shingler, to secure the debt of her husband is void.

"II. Because his honor erred in holding that the said Missouri C. Shingler, a married woman, although having the power to alienate her separate personal property under art. 14, sec. 8, of the Constitution of the State, could not assign or pledge the same for her husband's debt.

"III. Because his honor erred in holding that notwithstanding the said Missouri C. had such an interest in her father's estate as could be assigned or aliened, she had no power to assign, pledge, or mortgage the same to secure the debt of her husband; whereas he should have held that a married woman, under art. 14, sec. 8, of the Constitution of the State, has power to alien her separate personal property, and having this power she can assign, pledge, or mortgage the same to secure the debts of her husband.

"IV. Because his honor erred in dismissing the complaint as to the defendant, Missouri C. Shingler.

"V. Because his honor erred in dissolving the injunction heretofore granted in this cause, enjoining the payment to the said Missouri C. Shingler of moneys in the master's hands, and in directing the master to pay the same to the said Missouri C. Shingler.

"VI. Because his honor erred in holding, in effect, that a married woman in this State cannot, under the constitution (although having the power to alienate), assign, pledge, or mortgage her separate personal property to secure the debt of her husband, or any other person, and can only do so to secure her own debt, when the same is contracted for the benefit of her separate estate."

This transaction took place in 1884, after the act of 1870 was

11—30

amended in 1882, but before the late act of 1887 (19 Stat., 819), which declares that "all conveyances, mortgages, and like formal instruments in writing affecting her separate estate, executed by a married woman, shall be effectual to convey or charge her separate estate whenever the intention so to convey or charge such separate estate is declared in such conveyance," &c., so that the law, as it was declared to exist during that interval of five years, from 1882 to 1887, must control the case upon the principle of *stare decisis.*

We will not go again into the discussion as to the power of a married woman, under the constitution and laws of the State, to contract in reference to her separate estate in such manner as effectually to bind, charge, or dispose of the same. So far as this case is concerned, it will be sufficient to say that we are unable to distinguish it in principle from that of *Gwynn* v. *Gwynn*, 27 S. C., 525 (1884), which must be regarded as controlling authority upon us. It will be seen that in that case it was held that the contract of a married woman, forming a mercantile copartnership between herself and her husband, under the style of "Gwynn & Co.," was void; and that notwithstanding her constitutional right to "alienate" her separate estate, "the same as if she were unmarried," her assignment of separate property to pay the debts of said firm (held to be only the debts of the husband), was also absolutely void. In delivering the judgment of the court, Mr. Justice McIver said: "It seems to us, therefore, that the deed of assignment, in so far as it purported to appropriate any portion of the separate estate of the plaintiff (Mrs. Gwynn) to the payment of any debt contracted by her husband under the name of 'Gwynn & Co.,' should have been adjudged a nullity, and not binding on the plaintiff, but that it may stand, in so far as it purports to appropriate her property to the payment of such individual debts as may be shown to be legally due by her," &c.

As it strikes us, this case is very analogous to that. Here the note which Mrs. Shingler signed was void, for the reason that, as a married woman, she could not make a general personal engagement, which would bind her separate property. It is true that the liability of the husband on the note (which the assignment was executed to secure) still remained; but so did the liability

of the husband in *Gwynn* v. *Gwynn*. Indeed, in that case all the partnership liabilities were declared to be the debts of the husband alone. It may also be, as argued, that in this case the description of the property embraced was so full as to leave no doubt whatever that the assignment was made with reference to the separate estate of the assignor. The same, however, may be said of the assignment in *Gwynn* v. *Gwynn;* and yet the assignment there was held to be void, in so far as it purported to appropriate separate property to the payment of debts contracted by her husband under the name of "Gwynn & Co.," upon the ground that as a married woman Mrs. Gwynn had not the power to make an assignment of her separate estate to pay the debts of her husband, or, as I suppose, of any one. This court having held that the assignment of Mrs. Gwynn was void so far as it was intended to pay the debts of her husband, it seems to follow that the assignment of Mrs. Shingler for the same purpose—to pay the debt of her husband—must share the same fate; and that the Circuit Judge did not err in declaring her assignment void, and dismissing the complaint as to her.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.